UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RANDALL POOLE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:19-cv-2057-ACA |
| | ) |
| **WICHARD S.A.S., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Before the court are Defendant Vermeer Southeast Sales & Service, Inc.'s ("Vermeer"), and Defendant Wichard, Inc.'s ("Wichard") (together "Defendants"), motions for summary judgment. (Docs. 37, 66). Plaintiff Randall Poole filed this product-liability suit against several defendants, alleging that he was injured by a five-millimeter, twisted shackle.[1] (Doc. 1). But there is no evidence that the product named in the complaint caused Mr. Poole's injuries. Vermeer filed for summary judgment (doc. 37), and Mr. Poole sought leave to amend his complaint to change the product at issue (doc. 44). After briefing and a hearing on the merits of Mr. Poole's motion, the court denied the motion to amend because of undue delay. (Doc. 62). After the court's order, Wichard filed for summary judgment. (Doc. 66).

---

[1] Throughout the briefing and complaint, the parties refer to the product at issue interchangeably as a twisted "clevis" (*see, e.g.*, doc. 1 at 10 ¶ 2) and as a twisted "shackle" (*see, e.g.*, doc. 66-1 at 5). For simplicity, the court will refer to the part as a twisted shackle.

1

The court heard oral arguments on these motions, at which the court specifically addressed the issue of causation. Because Mr. Poole has conceded that the part named in the complaint did not cause his injury, the court **WILL GRANT** Defendants' motions for summary judgment.

## I.  BACKGROUND

The court views the evidence in the light most favorable to the nonmoving party. *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018). Here, Defendants dispute few of the facts alleged in Mr. Poole's complaint, so the court will accept those facts as true for purposes of Defendants' summary judgment motions.

### 1. Mr. Poole's Injury

Before his injury, Mr. Poole worked for Cornerstone Tree Services, LLC ("Cornerstone"), as a tree-trimmer. As part of his job, Mr. Poole often climbed trees, and when he did so, he used various pieces of safety equipment that worked together to form a fall-protection system. (Doc. 1 at 12 ¶¶ 10–11). Part of Mr. Poole's fall-protection system was a twisted shackle measuring eight-millimeters in diameter. (*Id.* ¶ 11). On the day of his injury, the twisted shackle Mr. Poole was using failed, causing him to fall to the ground and sustain serious injuries. (*Id.* at 12–13 ¶ 12).

It is undisputed that Wichard sells twisted shackles like the one that Mr. Poole was using. (Doc. 38 at ¶ 4). It is undisputed that Vermeer did not purchase the

shackle from Wichard directly, although the parties disagree on whether it purchased the shackle from a third-party supplier. (Doc. 38 at 3; Doc. 43-1 at 7). Regardless, Antwon Miller—Cornerstone's owner and operator—testified that at some point in 2016 or 2017 he purchased the twisted shackle that Mr. Poole was using from Vermeer. (Doc. 40-2 at ¶¶ 5, 7). And after Mr. Poole's fall, Mr. Miller recovered the same twisted shackle from the ground near Mr. Poole. (*Id.* at ¶ 8). Mr. Poole is still in possession of the offending part. (Doc. 40-1 at 17).

2.   This Case

Alleging that the shackle caused his fall, Mr. Poole brought this product-liability suit against the Wichard S.A.S.,[2] Wichard, and Vermeer. (Doc. 1). Unfortunately for the success of his suit, Mr. Poole incorrectly identified the part at issue in his complaint. (*See* Doc. 1 at ¶ 2) ("The product at issue here is the Wichard self-locking twisted shackle (aka. Twisted 'clevis') (Part #1222)."). Mr. Poole even provided a link to the product, again specifically identifying the shackle as part number 1222. (*Id.* at ¶ 2 n.1). It is undisputed that part number 1222 corresponds to a five-millimeter twisted shackle. And Mr. Poole concedes that the part he was using when he was injured was an *eight*-millimeter twisted shackle, which corresponds to part number 1224. (*See, e.g.*, Doc. 43-1 ¶ 33) ("The Wichard Twisted

---

[2] On a joint motion by Mr. Poole and Wichard S.A.S. (doc. 13), the court dismissed Wichard S.A.S. from the case (doc. 19).

Shackle Part No. 1224 8-millimeter (5/16) size is the product at issue in this case."). Further, Mr. Poole submitted an expert report from John T. Whitty as evidence that the part that allegedly failed and caused Mr. Poole's injury was the eight-millimeter twisted shackle, part number 1224. (Doc. 40-3).

In February 2020, the parties met and conferred as required by Federal Rule of Civil Procedure 26(f). (Doc. 22 at 1). As early as the conference, Mr. Poole knew that he might have named the incorrect part in his complaint. (*See* Doc. 63 at 10:9–15). At the hearing on his motion to amend the complaint, Mr. Poole's attorney admitted that "[w]e could have amended [the complaint] and said, we are not positive it is the 5-millimieter product at this time. . . . It could be one of these other ones." (Doc. 63 at 10:4–7). But instead, Mr. Poole "sent discovery requests because [he] felt that that was the more appropriate device." (*Id.* at 10:9–10). Discovery continued for over a year, until in March 2021, Vermeer filed for summary judgment, arguing that it "never stocked or sold" the five-millimeter shackle named in the complaint. (Doc. 37 at 5).

Only then did Mr. Poole file a motion to amend his complaint to remove the allegation of a specific part number. (Doc. 44; Doc. 44-1 at ¶ 2). After briefing and oral arguments, the court denied Mr. Poole's motion to amend because of Mr. Poole's undue delay. (Doc. 62). By his own admission, Mr. Poole knew that

the part named in the complaint was not the part that injured him and made the strategic choice not to amend the complaint. (Doc. 63 at 15:20–16:7).

The court held oral arguments on both motions for summary judgment and they are ripe for the court's review.

## II. DISCUSSION

The analysis of this case is simple: Mr. Poole named the wrong part in his complaint, unduly delayed in correcting his mistake, and cannot survive summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is material if the fact "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Each claim asserted in the first amended complaint requires evidence that the five-millimeter twisted shackle caused Mr. Poole's injuries. Counts One and Two were asserted under the Alabama Extended Manufacturers Liability Doctrine, which requires that the product at issue caused the plaintiff's injuries. *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 132 (Ala. 1976) ("As long as there is a causal relationship between the defendant's conduct and the defective product, he is held liable because he has created an unreasonable risk of harm."). Counts Three and

Four allege negligence and wantonness, both of which require that a plaintiff's injuries were caused by the defendant's conduct. *Rutley v. Country Skillet Poultry Co.*, 549 So. 2d 82, 85 (Ala. 1989) ("The necessary elements for recovery under a negligence theory are duty, breach of that duty, proximate cause, and injury."); *Brown v. Turner*, 497 So. 2d 1119, 1120 (Ala. 1986) ("In order for the trial court to find a party guilty of wanton conduct, it must be shown that with reckless indifference to the consequences the party consciously and intentionally did some wrongful act or omitted some known duty, and that this act or omission produced the injury."). Counts Five and Six allege breach of implied warranties, which require that the injury was proximately caused by the breach. *Sparks v. Total Body Essential Nutrition, Inc.*, 27 So. 3d 489, 492 (Ala. 2009) ("In an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained.") (quoting § 7–2–314, Ala.Code 1975, Official Comment, ¶ 13).

The court directed the parties to attend the second summary judgment hearing prepared to discuss the issue of causation. (Doc. 78). When questioned on that issue, Mr. Poole admitted that "if we're talking about the 5-millimeter shackle . . . then we don't prevail" because the five-millimeter shackle is "not what caused the fall."

(Doc. 79 at 31:5–16).  The parties agree that because the court denied Mr. Poole's motion to amend the complaint, Defendants are due summary judgment.

Mr. Poole concedes that he has presented no evidence that a five-millimeter twisted shackle caused his injuries, a necessary element of each of his claims. Accordingly, the court **WILL GRANT** Defendants' motions for summary judgment (docs. 37, 66).

### III. CONCLUSION

For the reasons above, the court **WILL GRANT** Vermeer's motion for summary judgment (doc. 37) and Wichard's motion for summary judgment (doc. 66) and **WILL ENTER SUMMARY JUDGMENT** in favor of Vermeer and Wichard and against Mr. Poole on each of his claims.

The court will enter a final order consistent with this opinion.

**DONE** and **ORDERED** this July 22, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE